IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESUS V. COWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-472-R |
| | ) | |
| LUBBOCK CHILD PROTECTIVE | ) | |
| SERVICES CPS, TOMMY TURNER, | ) | |
| MATT POWELL, DISTRICT ATTORNEY'S | ) | |
| OFFICE OF LUBBOCK TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has been granted leave to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen cases filed *in forma pauperis* and "dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.2001), and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir.2002)); *see also Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

The Court has reviewed Plaintiff's filing herein and concludes that it is frivolous and fails to state a claim. The Court notes that Plaintiff submitted 2264 pages of documents, the majority of which were handwritten. He seeks to represent his own interests as well as the interests of his father and his deceased mother. The Complaint portion of the filing is fifty-one pages in length, and contains therein letters that Plaintiff has apparently received from other courts, including the United States Supreme Court, in conjunction with attempts to initiate litigation of some type. There are portions that are letters Plaintiff apparently wrote to judges in Texas and to the Department of Justice. The Complaint, however, fails to comport with Rule 8(a), which provides:

> A pleading that state a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction. . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The only one of these three elements fulfilled by Plaintiff's Complaint is that he requests, in various places and varying amounts, monetary relief. The Court, however, even granting liberal construction to Plaintiff's *pro se* filing pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), cannot discern a basis for this Court's jurisdiction or the exact nature of Plaintiff's complaints, other than that he blames certain doctors for the death of his mother, although the doctor is not listed as a Defendant herein. Rather, the pleading is a discursive diatribe against a host of persons and entities, however, what type of claim Plaintiff is seeking to pursue is entirely unclear. The Court finds that the allegations therein are insufficient to state any type of claim against the named Defendants and further, that amendment of the claims would be futile. As such, this action is hereby dismissed pursuant to § 1915.

IT IS SO ORDERED this 18th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE